FRED G. STICKEL, Jr., AND HOMER C. ZINK, AS SUBSTI-
TUTED TRUSTEES UNDER THE WILL OF RUTH
HEALD DOUGLASS, DECEASED, PLAINTIFFS-RE-
SPONDENTS, v. ROBERT BRUCE DOUGLASS, AND
OTHERS, DEFENDANTS, BRUCE HEALD DOUGLASS,
DEFENDANT-APPELLANT, JOHN A. WYCKOFF, GUARD-
IAN AD LITEM FOR CAROL PEPPER DOUGLASS AND
ROBERT BRUCE DOUGLASS, II, DEFENDANT-RE-
SPONDENT.

Argued May 14, 1951—Decided June 11, 1951.

*Mr. Harold M. Kain* argued the cause for the appellant (*Mr. R. Wayne Stickel*, attorney).

*Mr. John A. Wyckoff* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Chancery Division in an action seeking construction of a will. The question presented is to whom the trust fund set up by the second paragraph of the will should be paid. The paragraph provides as follows:

"Second: If my husband Robert Bruce Douglass survive me, I give, devise and bequeath the sum of Sixty thousand dollars ($60,000) unto my executors hereinafter named, in trust, nevertheless, to invest and keep invested the same and from time to time to vary the investment thereof, to collect the income therefrom, and to pay over such income to my said husband during his natural life and upon his death to pay over the principal in equal shares to my issue, if any, him surviving, and if there be no such issue of mine then to pay such principal to my mother if she be then living, or if she be dead then to my brother Daniel A. Heald if he be living, or if he be dead then to my said brother's issue in equal shares *per stirpes*."

The testatrix, Ruth Heald Douglass, died April 11, 1922, 11 days after giving birth to her only child, the defendant

Bruce Heald Douglass. Robert Bruce Douglass, her husband, the life tenant under the trust set out above, died June 18, 1949, leaving him surviving his son Bruce Heald Douglass and the son and daughter of the latter, Robert Bruce Douglass, II, aged two, and Carol Pepper Douglass, as the only issue of the testatrix.

Since the trustees were in doubt as to whether the remainder passed entirely to Bruce Heald Douglass, or to Bruce Heald Douglass and his two children equally, they instituted the present action for the construction of the will.

The trial court held the remainder passed to Bruce Heald Douglass and his two children and unless a contrary intention appears from the will the word "issue" includes grandchildren as well as children, and distribution is *per capita* and not *per stirpes*. In his memorandum Judge Freund said:

"The basic rule is 'that, unless a contrary intention appears from the will, the word "issue" includes grandchildren as well as children and the distribution. is *per capita* and not *per stirpes*.' *Hoyt v. Orcutt*, 1 *N. J.* 454 (1949). There is nothing in the will from which it is to be inferred that the testatrix intended to exclude her grandchildren from participation in the distribution of the principal of the trust upon the death of the life tenant, her husband. Indeed, I find that the testatrix intended that her grandchildren should participate in the distribution of her estate.

As to the extent of their participation, it is to be noted that the testatrix directed that upon the termination of the trust the *corpus* be paid over 'in equal shares to my issue' without qualification. In other parts of the will the testatrix stipulated that sharing among issue be *per stirpes*. The absence of provision for a *per stirpital* disposition among her issue with respect to the trust fund is significant. Generally, '*per stirpes*' means taking through representation of or substitution for a parent. In this case, however, the grandchildren take directly; their father is living and takes in common with them. Accordingly, the trust fund is to be distributed as the will directs 'in equal shares' among the testatrix's son and his two children."

We are in accord with the conclusions of the trial judge for it does not appear to us from a reading of the will that the testatrix intended the word "issue" as used in the second paragraph to be given any meaning other than its ordinary

legal meaning. The word "issue" standing alone means one's progeny to the remotest degree. *Hoyt v. Orcutt,* 1 *N. J.* 454 (1949). We must assume the testatrix used the word in its ordinary signification. We have examined the whole will and are unable to attribute to the word a more restricted meaning because we cannot spell out from the will itself an indication that the testatrix used the word in this paragraph in such restricted meaning. *Inglis v. McCook,* 68 *N. J. Eq.* 27 (*Ch.* 1904). We are concerned not with what the testatrix meant to say but rather with what she meant by what she did say. *Stryker v. Sands,* 4 *N. J.* 182 (1950).

Since the testatrix did, in other parts of the will, circumscribe the word "issue" when used there, it seems to us more reasonable that she understood the implication of the word "issue" and therefore if she wished to restrict its meaning in the second paragraph of her will she would have done so. To put it another way, the omission of limiting words in one paragraph is significant in light of the fact that where "issue" appeared elsewhere it was qualified so as to restrict its meaning, and therefore we conclude it was the intention of the testatrix that the word "issue" in the second paragraph be interpreted according to its ordinary legal meaning.

We cannot rewrite the will nor can we speculate as to how the testatrix might have better disposed of the *corpus* of the trust but we are required to decide how she did in fact dispose of it. *Stryker v. Sands, supra.*

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING, ACKERSON and WACHENFELD—7.

*For reversal*—None.